KARL G. VON MUFF and GERTRUD L. VON MUFF, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Von Muff v. Commissioner
Docket No. 4751-81.
United States Tax Court
T.C. Memo 1983-514; 1983 Tax Ct. Memo LEXIS 286; 46 T.C.M. (CCH) 1185; T.C.M. (RIA) 83514; August 22, 1983. Karl G. Von Muff, pro se. David P. Fuller, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income taxes for the taxable year 1977 of $5,984.36. The issues for decision are (1) whether the sales of two rental properties followed by purchases of two other rental properties constitute nontaxable exchanges under section 1031, [1] and (2) whether certain loan origination fees and escrow costs paid in connection with the financing and acquisition of rental properties are deductible. All the facts have been stipulated and are so found.The stipulation of facts and the exhibits attached thereto are incorporated herein by reference. Petitioners Karl G. Von Muff and Gertrud *288 L. Von Muff, husband and wife, resided in Bell, California at the time the petition herein was filed. The filed a timely joint Federal income tax return for the taxable year 1977 with the Internal Revenue Service Center in Fresno, California. Facts and Opinion re: Issue 1
In early 1977, petitioners owned various rental properties in California. In June 1977, petitioners sold rental property located at 3419 Bell to Gonzalo and Ana Gonzales. Shortly thereafter, petitioners applied the proceeds from this sale towards their purchase, from Mrs. Haydee Cook, of a rental property located at 216 Cypress, Long Beach, California.
In November 1977, petitioners sold rental property at 3425 Bell to Alvaro and Nora Gutierrez. Shortly thereafter, petitioners applied the proceeds from this sale towards their purchase, from Fred Wiseman, of a rental property located at 515 Poplar, Long Beach, California. Petitioners contend that the transactions described above constitute like-kind exchanges under section 1031 and therefore do not give rise to taxable gain. We disagree.
An essential prerequisite *289 for nonrecognition treatment under section 1031 is that there be an "exchange" of properties. A sale of one property for cash followed by a separate investment of the proceeds in "like-kind" property simply does not qualify as an exchange. Bell Lines, Inc. v. United States,480 F.2d 710, 713-714 (4th Cir. 1973); Coastal Terminals, Inc. v. United States,320 F.2d 333, 337 (4th Cir. 1963); Barker v. Commissioner,74 T.C. 555, 560-561 (1980). As was stated in Coastal Terminals, Inc. v. United States,320 F.2d at 337: The purpose of Section 1031(a), as shown by its legislative history, is to defer recognition of gain or loss when a direct exchange of property between the taxpayer and another party takes place; a sale for cash does not qualify as a nontaxable exchange even though the cash is immediately reinvested in like property. Petitioners alternatively contend that section 1031 violates the equal protection clause of the Constitution in that it allows similarly situated taxpayers to avoid the capital gains tax by merely arranging simultaneous exchange escrows. Unfortunately for petitioner, this is an area *290 where the form utilized in structuring a "like-kind" transaction is crucial. "[T]he conceptual distinction between an exchange qualifying for section 1031 on the one hand and a sale and reinvestment on the other hand is largely one of form." Barker v. Commissioner,supra at 566. In the instant case, the petitioners' sale and repurchase was structured as two distinct transactions rather than as mutually interdependent parts of an integrated plan. See Brauer v.Commissioner,74 T.C. 1134 (1980); Barker v. Commissioner,supra;Biggs v. Commissioner,69 T.C. 905 (1978), affd. 632 F.2d 1171 (5th Cir. 1980). While petitioners herein may have benefitted from proper tax planning in effectuating a multiple party exchange, they were certainly not deprived of their rights under the equal protection clause in the administration of section 1031. Thus, the transactions described above gave rise to a capital gain which the parties stipulated to be $18,333. As a consequence, the related net capital gain *291 deduction under section 1202, an item of tax preference under section 57(a) (9)(A), subjects petitioners to a minimum tax imposed by section 56. Facts and Opinion re: Issue 2
In 1977, petitioners refinanced three of their existing rental properties in order to acquire the rental properties at 216 Cypress and 515 Poplar in Long Beach. In connection with such refinancing, petitioners incurred loan origination fees totaling $3,915, with respect to their properties located at 6609 Orchard, 6818 Orchard, and 6824 Orchard. In addition, petitioners incurred escrow costs totaling $4,964 in purchasing the properties. Petitioners contend that the loan fees and escrow charges are fully deductible in 1977 as rental property expenses. Respondent contends, however, that these charges are costs of acquiring capital assets (i.e., loans) and must therefore be deducted ratably over the periods of the loans. We agree with respondent. The loan fees paid by petitioner in 1977 must be capitalized and deducted ratably over the loan periods whether such fees are characterized as interest or service charges. *292 If interest, section 461(g)(1) requires that amounts prepaid by a taxpayer under the cash accounting method "shall be charged to capital account and shall be treated as paid in the period to which so allocable." Since the indebtedness in question was incurred in connection with the purchase of rental properties rather than a principal residence, the exception set forth in section 461(g)(2) is inapplicable. If the loan fees are payment for services, the law is clear that they must be capitalized and amortized over the lives of the loans to which they relate. Goodwin v. Commissioner,75 T.C. 424, 440-442 (1980), affd. without published opinion 691 F.2d 490 (3d Cir. 1982); Enoch v. Commissioner,57 T.C. 781, 794-795 (1972). To give effect to concessions by the parties and to our conclusions on the disputed issue, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the taxable years in issue, unless otherwise indicated.↩